UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT HORNED OWLS, LLC, ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> OKLAHOMA CITY AIRPORT TRUST, ) <br> ) <br> Defendant/Counterclaimant. ) | Case No. CIV-25-474-G |

## ORDER

Now before the Court is Plaintiff great horned owls, LLC's Motion to Remand (Doc. No. 8). Defendant Oklahoma City Airport Trust has responded in opposition to the Motion (Doc. No. 21). Based on the case record, the parties' arguments, and the governing law, the Motion is GRANTED.

*I. Background*

Plaintiff initially filed this action on January 30, 2025, in the District Court of Oklahoma County, Oklahoma, seeking damages from Defendant under Oklahoma law. Plaintiff alleges that Defendant is in breach of the parties' Lease Agreement, primarily because Defendant has revoked and impeded Plaintiff's ability to access several of Plaintiff's own oil, gas, and injection wells at the OKC Will Rogers International Airport (the "Airport"). *See* Pet. (Doc. No. 1-2). Defendant denies liability and alleges counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, declaration of rights, quiet title, accounting, and injunctive relief. *See* Def.'s Answer (Doc. No. 9) at 18-23.

On April 28, 2025, Defendant removed the action to this Court on the basis of federal-question jurisdiction under § 1331 of Title 28 of the United States Code. *See* Notice of Removal (Doc. No. 1). Plaintiff then filed its Motion to Remand, alleging that no federal question exists to confer subject-matter jurisdiction upon the Court.

II. *Standards of Decision*

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, a defendant may remove the action "to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." *Pritchett v. Off. Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In removing this matter, Defendant invoked § 1331, which prescribes that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant argues that Plaintiff's claims relate to airport and airspace access, which are within the regulatory authority of the federal Transportation Security Administration ("TSA") and the Federal Aviation Administration ("FAA"). *See* Notice of Removal at 4; Def.'s Resp. at 12-18. Plaintiff seeks remand of this case to the state court, arguing that its claims do not arise under federal law. *See* Pl.'s Mot. to Remand at 7-9; 28 U.S.C. § 1447(c).

A case arises under federal law if its "well-pleaded complaint establishes either that

2

federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).[1]  However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  When determining whether a claim turns on a substantial question of federal law, courts should exercise "prudence and restraint." *Id.* at 810.

## III.   Discussion

Citing the pleading allegations, Defendant argues that Plaintiff's claims necessarily present federal questions.  *See* Notice of Removal at 5.  Plaintiff contends, however, that its requests for relief involve only Defendant's breach of the parties' "Lease and unitization plans," which are solely governed by Oklahoma law.  Pl.'s Mot. to Remand at 8.  Plaintiff argues that while Defendant has an ancillary obligation to comply with federal laws and regulations, Defendant's responsibilities to federal agencies, such as the FAA and the TSA, are distinct from its dealings with Plaintiff that give rise to the claims brought herein.  *See id.*

Plaintiff's sole legal claim—that Defendant has breached its obligations under the

---

[1] Federal-question jurisdiction is determined by "what necessarily appears in the plaintiff's statement of his own claim," not by reference to "anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose" or to a defendant's own defense or counterclaim. *Franchise Tax Bd.*, 463 U.S. at 10 (internal quotation marks omitted); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

3

parties' agreements—is expressly premised on, and seeks relief under, Oklahoma law. *See* Pet. ¶¶ 3-19. In order for federal-question jurisdiction to lie in such circumstances, the "state-law claim: (1) must necessarily raise a federal claim; (2) that is actually disputed; (3) that is also substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Devon Energy Prod. Co., v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1210 (10th Cir. 2012). Here, Defendant's obligations regarding the FAA and TSA do not create "a substantial question of federal law" that requires "resolution" in order to determine whether Defendant breached its agreements with Plaintiff. *Franchise Tax Bd.*, 463 U.S. at 28. In other words, there is only a possibility that any federal issue might arise as to Defendant's federal regulatory obligations that would be relevant to Plaintiff's claim. Such a possibility is not enough to show a substantial, actually disputed, necessarily raised federal claim.

Accordingly, the instant matter does not fit into the "special and small category" of cases over which federal-question jurisdiction lies, and remand is required. *Devon Energy Prod. Co.*, 693 F.3d at 1211 (internal quotation marks omitted); *see* 28 U.S.C. § 1447(c).

## CONCLUSION

Plaintiff great horned owls, LLC's Motion to Remand (Doc. No. 8) therefore is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 5th day of June, 2025.

                                                     CHARLES B. GOODWIN
                                                     United States District Judge